# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID CARL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>　　　　Defendant. | Case No.: 2:19-cv-00504-GZS<br><br>**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AND RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS** |

**Plaintiff's Additional Statement of Material Facts**

44) Defendant entered a Collection Agency Agreement with Professional Recovery Services, Inc. on December 1, 2012. *See* Collection Agency Agreement, Doc. No. 35, at FNBO000096.

45) Professional Recovery Services Inc. was retained by Defendant to provide "staffing, premises, equipment, supplies, management and such other items or services as may be necessary in order to perform the collection services on behalf of FNBO and its [a]ffiliates . . . with respect to certain past due credit card accounts. . ." *Id*., at FNBO000096.

46) On April 1, 2015, all rights and obligations of the Collection Agency Agreement were assigned to Credit Control, LLC ("Credit Control") by Professional Recovery Services, Inc. with the approval of Defendant. *See* Consent to Assignment, Doc. No. 33-10.

47) Telephone number (877) 395-3606 is operated by Credit Control, LLC ("Credit Control") and is exclusively used for contacting customers of First Bankcard, a division of First National Bank of Omaha, for account servicing purposes. *See* Credit Control, LLC's Responses and Objections to Plaintiff's Interrogatories, Doc. No. 33-4, at No. 5 and 15; *see also* Deposition

of Defendant's Rule 30(b)(6) Witness, Paul Osborne ("Osborne Dep."), Doc. No. 33-6, at 51:20-21, 52:6-7.

48) Additionally, when calls are placed from telephone number (877) 295-3606, there is no indication of the identity of the calling party on caller I.D. *Id.*, at 67:11-15.

49) Training regarding compliance with the Telephone Consumer Protection Act ("TCPA") is provided by Defendant to Credit Control. *Id.*, at 66:9-17.

## Response to Defendant's Statement of Material Facts

1. Admitted.

2. Qualified. Plaintiff admits only that he provided Defendant with a phone number ending in 5865.

3. Qualified. Plaintiff admits that the document speaks for itself.

4. Qualified. Plaintiff admits that the document speaks for itself.

5. Qualified. Plaintiff admits that the document speaks for itself but whether "the terms and conditions of Plaintiff's Account with FNBO are governed by the substantive law of Nebraska" is a legal conclusion which Plaintiff can neither admit or deny.

6. Admitted.

7. Admitted.

8. Qualified. Plaintiff admits that he provided his attorneys with multiple telephone numbers that had been placing harassing phone calls.

9. Qualified. Plaintiff admits that he provided his attorneys with documents from Defendant but that those documents speak for themselves.

10. Qualified. Plaintiff admits that he, with his attorneys office, called (877) 395-3006 for the purpose of revoking consent and getting Defendant's calls to stop. *See* Plaintiff's Statement of Material Fact ("Plaintiff's SMF"), Doc. No. 41, ¶ 13.

11. Qualified. Plaintiff admits that the 3606 telephone number belongs to one of Defendant's vendors and is used exclusively for customers having accounts with Defendant. *Supra*, at ¶ 44.

12. Qualified. Plaintiff admits that Credit Control is one of Defendant's vendors that has a telephone number ending in 3606 that is used exclusively for consumers having accounts with Defendant. *Supra* at ¶ 44.

13. Qualified. Plaintiff lacks personal knowledge to admit or deny as written, but admits Credit Control is one of Defendant's vendors that has a telephone number ending in 3606 that is used exclusively for consumers having accounts with Defendant. *Supra* at ¶ 44.

14. Qualified. Plaintiff admits that the 3606 telephone number belongs to one of Defendant's vendors and is used exclusively for customers having accounts with Defendant. *Supra* at ¶ 44.

15. Admitted.

16. Qualified. Plaintiff admits that he doesn't know why telephone number ending in 3606 was called, but also admits that telephone number is used exclusively for consumers having accounts with Defendant. *Supra* at ¶¶ 44.

17. Qualified. Plaintiff admits that Defendant's vendor claims she was unable to locate Plaintiff's account.

18. Admit.

19. Admit.

20. Qualified. Plaintiff admits that he was free to answer or not answer any call, and that Defendant should not have called him at all after March 13, 2019.

21. Qualified. Plaintiff admits that he memorialized each call Defendant placed to his cell phone after he asked for the calls to stop.

22. Qualified. Defendant placed 708 calls after he asked for the calls to stop. Plaintiff's SMF, Doc. No. 41, ¶ 26.

23. Qualified. Plaintiff admits that he did not answer any of the calls Defendant wrongfully placed after March 13, 2019, but that he was free to answer or not answer any call.

24. Qualified. Plaintiff admits that Defendant's calls were annoying and that his boss was also aggravated by Defendant's calls.

25. Qualified. Plaintiff admits that he did not answer any of Defendant's 708 calls that were wrongfully placed to his cell phone after March 13, 2019.

26. Admit.

27. Qualified. Plaintiff admits that he has been in contact with his attorneys both before and after filing this lawsuit.

28. Denied. Plaintiff stated in his deposition that he has not discussed "this case" with his spouse. *See* Doc. No. 33-5, at 35:25 through 36:1.

29. Qualified. Defendant placed its automated robocalls using a LiveVox Voice Portal Dialing System. Plaintiff's SMF, Doc. No. 41, ¶ 28.

30. Admit.

31. Admit.

32. Admit.

|                          |                                                                 |
|--------------------------|-----------------------------------------------------------------|
|                          | RESPECTFULLY SUBMITTED,                                         |
| Dated: November 5, 2020  | By: */s/ James A. Sellers, II* |
|                          | James A. Sellers, II (pro hac vice) |
|                          | Law Offices of Jeffrey Lohman, P.C. |
|                          | 28544 Old Town Front St., Suite 201 |
|                          | Temecula, CA 92590 |
|                          | T: (657) 363-4699 |
|                          | F: (657) 363-6611 |
|                          | JamesS@jlohman.com |
|                          |                                                                 |
|                          | By: */s/ Jeffrey Lohman* |
|                          | Jeffrey Lohman (pro hac vice) |
|                          | Law Offices of Jeffrey Lohman, P.C. |
|                          | 28544 Old Town Front St., Suite 201 |
|                          | Temecula, CA 92590 |
|                          | T: (714) 381-5747 |
|                          | JeffL@jlohman.com |
|                          |                                                                 |
|                          | By: /s/ Daniel G. Ruggiero |
|                          | Daniel Goldsmith Ruggiero |
|                          | The Law Offices of Daniel Ruggiero |
|                          | 275 Grove St., Suite 2-400 |
|                          | Newton, MA 02466 |
|                          | P: (339) 237-0343 |
|                          | E: DRuggieroESQ@gmail.com |
|                          |                                                                 |
|                          | *Attorneys for Plaintiff, DAVID CARL* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, a true and correct copy of the foregoing Motion for Summary Judgment and corresponding documents were filed using the Court's CM/ECF system, which will notify all attorneys of record.

By: */s/ James A. Sellers, II*
James A. Sellers, II (*pro hac vice*)
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-4699
F: (657) 363-6611
JamesS@jlohman.com