# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID CARL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:19-cv-00504-GZS |
| | ) |
| FIRST NATIONAL BANK OF OMAHA, | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

For nearly two decades, TCPA defendants have attempted to shift the focus from how phone numbers are dialed—automatically—to how their autodialers obtained the phone numbers being automatically dialed. *See In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14090 (2003) ("Most industry members that commented on the issue of autodialed calls argue that predictive dialers do not fall within the statutory definition of 'automatic telephone dialing system,' primarily because, they contend, predictive dialers do not dial numbers 'randomly or sequentially'"). In their eyes, it didn't matter that their systems automatically dialed thousands of phone numbers to persons did not consent. Instead, those defendants wanted the critical factor to be whether their dialers used random or sequential number generators to obtain the phone numbers they were dialing. In other words, defendants felt they should be allowed to use dialers to target certain people with robocalls without violating the TCPA so long as the numbers were specifically targeted rather than randomly dialed.

On April 1, 2021, the Supreme Court addressed the role a random or sequential number generator plays in the definition of an ATDS. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). In *Facebook*, the Supreme Court explicitly held that Facebook's login notification system did not

qualify as an ATDS, and therefore was not subject to the TCPA's protections, because it "neither stores nor produces numbers 'using a random or sequential number generator…' " *Facebook*, 141 S. Ct. at 1169.

In this matter, expert witness Randall Snyder explicitly opined that Defendant's Voice Portal dialing system did have the capacity to store *or* produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. Supplemental Declaration of Randall A. Snyder, Doc. No. 33-8 ("Supplemental Declaration"), ¶¶ 10, 51, 52, 57, 58. Mr. Snyder is an expert witness with 35 years of experience in telecommunications network and system architecture, engineering, design and technology. Supplemental Declaration, p. 22. Further, Mr. Snyder's expert testimony went unrebutted by an expert witness on behalf of Defendant. Accordingly, the evidence before this Court proves Defendant's Voice Portal dialing system is an ATDS and, therefore, regulated by the TCPA.

Additionally, while the Supreme Court determined Facebook's login notification system was not regulated by the TCPA, it explicitly recognized that a list-based dialing system still qualify. "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers **from a preproduced list**. It would then store those numbers to be dialed at a later time." *Facebook*, 141 S. Ct. at 1172 n. 7 (emphasis added). Indeed, the Supreme Court was careful not to undo decades of consumer protection or Congress's intentions to "ban [automatically] dialing from a database." SENATOR MAREY AND REP. ESHOO BLAST SUPREME COURT DECISION ON ROBOCALLS AS "DISASTEROUS," April 1, 2020, https://www.markey.senate.gov/news/press-releases/senator-markey-and-rep-eshoo-blast-supreme-court-decision-on-robocalls-as-disastrous. Thus, if an ATDS randomly or sequentially

orders phone numbers from a list to be automatically dialed, then it is an ATDS. *Facebook*, 141 S. Ct. at 1172 n. 7.

Justice Barrett, while sitting on the Seventh Circuit, previously recognized such a device as one plausible interpretation of the statutory definition of an ATDS. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 467 (7th Cir. 2020) ("the definition captures devices with the capacity to store or to produce telephone numbers that will be dialed by a random or sequential number generator"). The Eleventh Circuit also acknowledged that an ATDS could be interpreted as a system employing a random or sequential number generator to order phone numbers to be dialed. *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1311 (11th Cir. 2020) ("it's just as plausible that an auto-dialer refers to a device that randomizes or sequences a dialing order"). Though both the Seventh and Eleventh Circuits ultimately opted for a different ATDS standard, the Supreme Court made it clear that "an [ATDS] might use a random number generator to determine the order in which to pick phone numbers from a preproduced list." *Facebook*, 141 S. Ct. at 1172 n. 7.

Thus the Supreme Court explicitly recognized that a random or sequential number need not create phone numbers out of thin air to be an ATDS, but that it could be used in conjunction with a "preproduced list" of phone numbers to determine the order those numbers will be dialed. *Facebook*, 141 S. Ct. at 1172 n. 7. In this matter, the evidence proves that Defendant's Voice Portal dialing system utilized such equipment to autodial from a preproduced list. As Mr. Snyder concluded, "the LiveVox Voice Portal dialing system automatic sorts, filters, and resequences telephone numbers generating a new sequential list of numbers. Therefore, it is my opinion that the LiveVox Voice Portal dialing system stores or produces telephone numbers to be called, using a sequential number generator, and then dials those numbers automatically" Supplemental

Declaration, ¶¶ 50, 51. Defendant's Voice Portal dialing system embodies the example of an ATDS presented by the Supreme Court. *Facebook*, 141 S. Ct. at 1172 n. 7.

The evidence before the Court proves Defendant's Voice Portal dialing system has the capacity to store or produce telephone numbers to be called using a random or sequential number generator. Supplemental Declaration, ¶¶ 10, 51, 52, 57, 58. Further, in the same manner as the example of an ATDS presented by the Supreme Court in *Facebook*, 141 S. Ct. at 1172 n. 7, the Voice Portal dialing system also determines the order phone numbers stored in a preproduced list are to be automatically dialed. Supplemental Declaration, ¶¶ 40, 43, 45, 49, 50. Thus, for purposes of Plaintiff's TCPA claim, Defendant's Voice Portal dialing system that it used to place 708 robocalls to Plaintiff, and deliver 122 artificial voice or prerecorded messages, is an ATDS.

Respectfully submitted,

Dated: April 13, 2021

By: /s/ James A. Sellers, II
James A. Sellers, II (*pro hac vice*)
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-4699
F: (657) 363-6611
JamesS@jlohman.com

By: /s/ Jeffrey Lohman
Jeffrey Lohman (*pro hac vice*)
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (714) 381-5747
JeffL@jlohman.com

By: /s/ Daniel Ruggiero
Daniel Goldsmith Ruggiero
The Law Offices of Daniel Ruggiero
275 Grove St., Suite 2-400
Newton, MA 02466
P: (339) 237-0343

E: DRuggieroESQ@gmail.com

*Attorneys for Plaintiff, DAVID CARL*