UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID CARL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF OMAHA,<br><br>　　　　Defendant. | Case No.: 2:19-cv-00504-GZS<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM** |

Plaintiff, David Carl ("Plaintiff"), though his attorneys, replies to Defendant's, First National Bank of Omaha ("Defendant"), Response to Plaintiff's Supplemental Memorandum:

**I.　Randall Snyder's Supplemental Declaration is properly before the Court to be considered on summary judgment.**

On October 29, 2020, the parties submitted a Joint Stipulated Record which included a Supplemental Declaration of Plaintiff's Expert, Randall Snyder, concerning the capabilities of LiveVox Voice Portal Dialing System ("Voice Portal"). Doc. No. 33, p. 1; Doc. No. 33-8. Plaintiff refers to, and cites, Mr. Snyder's Supplemental Declaration in his original Statement of Material Fact. Doc. No. 41, ¶¶ 31-38.

After the parties filed their briefs on summary judgment, the Supreme Court issued its ruling in *Facebook* addressing a random or sequential number generator's role in the definition of an automatic telephone dialing system ("ATDS"). *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021). Thus, at that time the parties filed their briefs, the majority of circuits held that a device qualified as an ATDS regardless of a random or sequential number generator. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020); *Allan v. Pennsylvania Higher Educ. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020; compare with *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020); *Gadelhak*

*v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020). While the First Circuit had not addressed the ATDS issue, courts within the First Circuit agreed with the majority position. *See*, e.g., *Barton v. Temescal Wellness, LLC*, 2021 WL 858402 (D. Mass. Mar. 8, 2021); *Gonzalez v. HOSOPO Corporation*, 371 F.Supp.3d 26 (D. Mass. 2019). Accordingly, Plaintiff's argument was consistent with the majority opinion that an ATDS doesn't require a random or sequential number generator. However, as discussed in Plaintiff's Supplemental Motion, the underlying facts surrounding Defendant's automatic telephone dialing system support a finding that the Voice Portal dialing system has the capacity to meet the current definition of an ATDS.

The Supreme Court's recent ruling that an ATDS "must have the **capacity** either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator" requires Plaintiff to address this new standard, which wasn't present when originally briefed. *Facebook*, 141 S. Ct. at 1167 (emphasis added). Fortunately, the record before the Court addresses this new standard. Submitted by the parties in their Joint Stipulated Record, therefore properly before the Court, is Mr. Snyder's full expert report discussing Defendant's Voice Portal dialing system. Doc. No. 33, p. 1; Doc. No. 33-8. Mr. Snyder addresses the capacity of Defendant's Voice Portal dialing system to store or produce telephone numbers to be called, using a random or sequential number generator. Supplemental Declaration of Randall A. Snyder, Doc. No. 33-8 ("Supplemental Declaration"), ¶¶ 10, 51, 52, 57, 58.

The Court is permitted to consider the entire record in deciding summary judgment motions. *Asociacion De Periodistas De Puerto Rico v. Mueller*, 680 F.3d 70, 78 (1st Cir. 2012). The First Circuit held that a reversable abuse of discretion occurs "when a material factor deserving significant weight is ignored" *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994) (reviewing a district court's fee-shifting order).

Here, the record includes Mr. Snyder's Supplemental Declaration of Defendant's Voice Portal dialing system. Doc. No. 33, p. 1; Doc. No. 33-8. While Mr. Snyder's discussion of the Voice Portal's capacity to use a random or sequential number generator was not accentuated when the parties first filed their summary judgment briefs, since the majority of courts addressing the issue said it wasn't required of an ATDS, the *Facebook* ruling placed a new importance on that issue. Defendant has not filed a motion to strike Mr. Snyder's Supplemental Declaration —in fact, it stipulated to his declaration—nor has it sought its own independent expert witness to rebut his testimony. Mr. Snyder's Supplemental Declaration is part of the entire record before the Court, Defendant has not cited any authority or taken other measures to warrant ignoring his declaration, and the declaration should be considered by the Court on summary judgment. *Asociacion De Periodistas De Puerto Rico*, 680 F.3d at 78.

Further, Plaintiff's initial Statement of Material Fact *did* address Mr. Snyder's discussion of the Voice Portal's capacity to generate telephone numbers. Plaintiff's Statement of Fact at ¶ 36, Doc. No. 41. Citing to the Supplemental Declaration, Mr. Snyder opines that the "Voice Portal dialing system software **generates** a sequence of telephone numbers to call based upon dialing filters, and then automatically dials the numbers in that sequence." Supplemental Declaration, Doc. No. 33-8, ¶ 45 (emphasis added). Thus the evidence properly before the Court includes Ms. Snyder's declaration regarding the Voice Portal's capacity to use a random or sequential number generator.

II. **Defendant cannot disparage the Supreme Court's recognition that the TCPA prohibits automatically dialing numbers stored in lists.**

The Supreme Court acknowledged "it is odd to say that a piece of equipment 'stores' numbers using a random number 'generator.'" *Facebook*, 141 S. Ct. at 1172. To address how an ATDS could store numbers with a random or sequential number generator, the Supreme Court

recognized that "as early as 1988, the U. S. Patent and Trademark Office issued patents for devices that used a random number generator to store numbers to be called later[]." *Id*. Further explaining how an ATDS could use a random or sequential number generator to store phone numbers, the Supreme Court provided footnote 7, which explicitly states "[f]or instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Facebook*, 141 S. Ct. at 1172, n.7. The Supreme Court made it clear that an ATDS could still include dialers that stored phone numbers in a list.

Defendant urges this Court to overlook the Supreme Court's thorough analysis of "store" and render it superfluous. Yet, it is clear that the Supreme Court suggested a number generator could be used to "determine the order in which to pick phone numbers from a preproduced list." *Facebook*, 141 S. Ct. at 1172, n.7. Defendant admits its Voice Portal dialing system dials from a such lists. Defendant's Statement of Fact at ¶ 31, Doc. No. 39, p. 26 ("Once a campaign is created and initiated, the LiveVox system dials the calls the list of customers added to the list for that day"). "A campaign is simply a stored electronic list of telephone numbers organized by some defined criteria that are to be called for a specific purpose. The LiveVox Voice Portal dialing system software generates a sequence of telephone numbers to call based upon dialing filters, and then automatically dials the numbers in that sequence. The criteria are defined by the user and configured into the dialing system. The sequence of telephone numbers is transformed (or generated) and stored automatically for dialing as per the dialing filter." Doc. No. 33-8, ¶ 45; *see also* Plaintiff's Statement of Fact at ¶ 36, Doc. No. 41.

Under the Supreme Court's standard of an ATDS, a random or sequential number generator would determine which phone numbers to dial and when. *Facebook*, 141 S. Ct. at 1172,

n.7. Defendant's Voice Portal dialer picks numbers from a list to be called, and dials those numbers based on campaigns. Defendant's Statement of Fact at ¶¶ 30-31, Doc. No. 39, p. 26. If the Voice Portal dialer detects a person has answered the call it automatically placed, it will connect the call to an agent. Defendant's Statement of Fact at ¶ 32, Doc. No. 39, p. 27. In other words, Defendant's Voice Portal dialer selects who and when to call phone numbers from a list, automatically dials those numbers, and connects the call to an agent if it is answered. *Supra*. Thus, under the *Facebook* standard, the Voice Portal dialing system, which is fully automatic, is an ATDS and was used by Defendant to call Plaintiff's cell phone 708 times.

### III.     *Facebook* confirmed Defendant's 122 prerecorded messages violate the TCPA.

The Supreme Court made clear in *Facebook* that prerecorded messages violate the TCPA. "The [TCPA] separately prohibits calls using 'an artificial or prerecorded voice' to various types of phone lines, including home phones and cell phones, unless an exception applies. [] Our decision does not affect that prohibition." *Facebook* at 1173 (citation omitted). The *Glasser* court held that regardless of whether not a call was placed using an ATDS, prerecorded messages entitle the plaintiff to treble damages of $1500 each call. (*Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1312-13 (11th Cir. 2020). The record before this Court shows that Defendant placed 122 calls to Plaintiff's cell phone with an artificial or prerecorded voice. FNBO Account Activity Log, Doc. No. 33-11. Accordingly, under *Glasser*, Defendant is liable to Plaintiff for $183,000 for its 122 prerecorded messages.

WHEREFORE, Plaintiff respectfully requests that this Court enter summary judgment in his favor and against Defendant for each of its 708 violations of the TCPA including, or alternatively, $1500 for each of the 122 prerecorded messages it left on Plaintiff's voicemail.

Respectfully submitted,

Dated: May 5, 2021

By: /s/ James A. Sellers, II
James A. Sellers, II (*pro hac vice*)
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-4699
F: (657) 363-6611
JamesS@jlohman.com

By: /s/ Jeffrey Lohman
Jeffrey Lohman (*pro hac vice*)
Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (714) 381-5747
JeffL@jlohman.com

By: /s/ Daniel Goldsmith Ruggiero
Daniel Goldsmith Ruggiero
The Law Offices of Daniel Ruggiero
275 Grove St., Suite 2-400
Newton, MA 02466
P: (339) 237-0343
E: DRuggieroESQ@gmail.com

*Attorneys for Plaintiff, DAVID CARL*

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, a true and correct copy the foregoing and corresponding documents were filed using the Court's CM/ECF system, which will notify all attorneys of record.

/s/ James A. Sellers, II
James A. Sellers, II (*pro hac vice*)